**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KEVIN JEROME ROGERS,**

        Plaintiff,

v.                                                 Case No:  6:12-cv-1156-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

_____

## MEMORANDUM OF DECISION

Kevin Jerome Rogers (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. On February 23, 2011, the Administrative Law Judge (the "ALJ") denied Claimant's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). R. 20-31.[1] Claimant requested review and the Appeals Council granted review, but only as to Claimant's SSI claim. R. 4-7; 110-13. The Appeals Council determined that Claimant is disabled and entitled to SSI benefits as of January 11, 2010. R. 4-7; 110-13. The Appeals Council, by separate decision, declined to review the ALJ's decision with respect to Claimant's application for DIB benefits. R. 9-14.

With respect to his application for DIB benefits, Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to state with particularity the weight given and the

---

[1] The law and regulations for determining whether a claimant is disabled are largely identical for DIB and SSI claims. *Smith v. Bowen*, 792 F.2d 1547, 1548 n. 1 (11th Cir. 1986). For SSI claims, there is no requirement that the claimant have worked prior becoming disabled. 20 C.F.R. §§ 416.110; 416.202. However, for DIB claims the claimant must have a worked a sufficient amount of time to remain insured for benefits through a certain date – the Date Last Insured ("DLI"). 20 C.F.R. § 404.110. A claimant must demonstrate an onset of disability on or before the DLI. *Id*.

reasons therefor to the opinions of Dr. Thompson, Claimant's treating physician, and Mr. Tango, a vocational expert (Doc. No. 16 at 11-13); 2) failing to articulate good cause, supported by substantial evidence for rejecting the opinions of Dr. Hynick, a treating physician (Doc. No. 16 at 13-16); and 3) ignoring portions of Dr. Kupiszewski's opinions (Doc. No. 16 at 16-18). With respect to the Appeals Council's decision to find Claimant not disabled prior to January 11, 2010, Claimant argues that the Appeals Council erred by mechanically applying the age categories of the Medical Vocational Guidelines (the "Grids") in violation of 20 C.F.R. § 404.1563(b). Doc. No. 16 at 8-10. Claimant also argues that the Appeals Council erred by failing to demonstrate that it adequately considered new and material evidence, which creates a reasonable possibility the administrative outcome as to Claimant's DIB application would change; and the Appeals Council erred by denying Claimant's request for an appearance in violation of Claimant's due process rights. Doc. No. 16 at 18-24. For the reasons set forth below, with respect to Claimant's DIB application the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

I.  ANALYSIS.

    A.  Dr. Thompson.

For DIB, it is undisputed that Claimant's DLI is December 31, 2009. R. 20, 22; Doc. Nos. 16 at 9; 17 at 2. Thus, to be entitled to DIB, Claimant has the burden to establish an onset of disability on or before December 31, 2009.

On May 29, 2009, Claimant presented to Dr. Billy N. Thompson, M.D., for referral regarding his left knee. R. 282. After a physical examination, Dr. Thompson diagnosed internal derangement of the knee not otherwise specified and Dupuytren's contracture. R. 282.[2] Dr.

---

[2] Dupuytren's contracture is "a disease of the palmar fascia resulting in thickening and shortening of fibrous bands on the palmar surface of the hands and fingers." *Stedman's Medical Dictionary*, 26 Ed. p. 389 (1995).

Thompson recommended a surgical referral for Claimant's left knee and hands. R. 282. On August 31, 2009, Dr. Thompson's physical examination of the upper extremities revealed "severe contractures involving the flexor of both hands (right greater than left) with a 45 degree fixed contracture of the right ring finger with tendon thickening and pain at the left flexor tendon." R. 283. Dr. Thompson opined that Claimant, who is right handed, has "severe limitation of use [of] hands ([especially] the right in a right-handed individual)." R. 283. In a December 19, 2010 prescription note, Dr. Thompson opined that Claimant "will not be able to work until further notice due to medical reasons." R. 490.

In her decision, at step-two of the sequential, the ALJ determined that Claimant has the following severe impairments: avascular necrosis; degenerative joint disease; and chronic knee pain. R. 22. Thus, the ALJ did not find that Claimant's bilateral Dupuytren's contracture were severe impairments. R. 22. The ALJ found that the Claimant retains the residual functional capacity (the "RFC") to perform the full range of sedentary work. R. 23. Pursuant to Social Security Rule 83-10 ("SSR 83-10"), "[m]ost unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions." *Id*.

With respect to Dr. Thompson, the ALJ stated:

> The medicals show that on February 10, 2009 Dr. Billy N. Thompson, a treating physician, saw the claimant for complaints of pain in the knees and cramps in the ring fingers. The assessments were chronic low-back pain, chronic bilateral knee pain, and high blood pressure. On follow-up visits, the claimant related hand difficulty with the Dupuytren's contracture, and pain and limitation of use of the hands such as in opening jars and activities of daily living requiring the use of hands. The assessments were internal derangement of knee, not otherwise specified (NOS); and Dupuytren's contracture, severe limitation of use of hands especially the right. The claimant was right hand dominant.

R. 25. Thus, the ALJ accurately noted that Dr. Thompson diagnosed Claimant with bilateral Dupuytren's contracture and that Dr. Thompson assessed severe limitations in Claimant's ability

to use his hands, especially his dominant right hand.  R. 25.  However, the ALJ never addressed Dr. Thompson's opinion that Claimant is unable to work until further notice and the ALJ never stated with particularity the weight afforded to Dr. Thompson's opinion that Claimant has severe limitations in the use of his hands.  R. 22-31.[3]

Claimant argues that the ALJ erred by failing to state with particularity the weight given and the reasons therefor to Dr. Thompson's opinions. Doc. No. 16 at 11-12.   The Commissioner does not address Dr. Thompson's August 31, 2009 opinion that Claimant has severe limitations in the use of both hands.  Doc. No. 17 at 11.  Instead, the Commissioner focuses on Dr. Thompson's December 19, 2010 opinion that Claimant is unable to work.  Doc. No. 17 at 11.  While acknowledging that the ALJ did not "expressly discuss" that opinion, the Commissioner maintains that the ALJ did not err because the opinion is consistent with the Appeals Council's determination that Claimant is disabled beginning in January of 2010.  Doc. No. 17 at 11.   As detailed below, based on clear and binding precedent in this circuit, the case must be remanded.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability.  In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion <u>requiring the ALJ to state with particularity the weight given to it and the reasons therefor</u>.  *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th

---

[3] Throughout the decision, the ALJ notes that other treating and examining physicians also assessed bilateral Dupuytren's contractures.  R. 25-27, 29.

Cir. 1987)). The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981) (emphasis added)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes reversible error).

In this case, although the ALJ accurately discussed Dr. Thompson's findings and August 31, 2009 opinion, including that Claimant has severe limitations in the use of his hands, right greater than left, the ALJ failed to state with particularity the weight given to that opinion. R. 25. The ALJ's failure is significant, because Dr. Thompson's August 31, 2009 opinion that Claimant has severe limitations in the use of his hands contradicts the ALJ's RFC for a full range of sedentary work, which "require[s] good use of the hands and fingers for repetitive hand-finger actions." *Compare* R. 23, 25, 283 *with* SSR 83-10. This error, which is apparent from the face of the ALJ's decision, requires reversal as to Claimant's DIB claim. *See MacGregor,* 786 F.2d at 1053 (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).[4]

---

[4] Because the case must be reversed and remanded due to the ALJ's error with respect to Dr. Thompson's August 31, 2009 opinion, it is unnecessary to consider whether the ALJ or the Appeals Council also erred with respect to the other opinion evidence.

### B. The Appeals Council's Mechanical Application of the Age Category.

As set forth above, Claimant applied for DIB and SSI benefits, with a DLI of December 31, 2009. R. 25. Claimant was born on January 12, 1960, and was fifty-one years old at the time of the ALJ's decision. R. 29, 31. In her decision, the ALJ found that Claimant is not disabled because based on his RFC "for the full range of sedentary work, <u>considering the claimant's age</u>, education, and work experience, <u>a finding of 'not disabled' is directed by Medical-Vocational Rule 201.19</u>." R. 30 (emphasis added).[5] Thus, the ALJ found that Medical-Vocational Rule 201.19 directed a finding of not disabled based in-part on Claimant's age.

The Appeals Council granted review of the ALJ's decision, separating Claimant's DIB and SSI claims. R. 1-14; 110-13. The Appeals Council agreed that Claimant is disabled as of January 11, 2010, because on that date Claimant became fifty (50) years old, which the Grids categorize as an individual "closely approaching advanced age." R. 5. The Appeals Council fount that for individual with Claimant's RFC, education, and work experience who is closely approaching advanced age, Medical-Vocational Rule 201.10 directs a finding of disabled. R. 5. Thus, the Appeals Council found that Claimant disabled as of January 11, 2010. R. 5.

As discussed above, Claimant's DLI was December 31, 2009, which eleven (11) days shy of January 11, 2010. R. 20, 22. The Appeals Council held:

> Before January 11, 2010, the claimant was under age 50, which is defined as a younger individual. As of January 11, 2010, the claimant attained age 50, which is defined as closely approaching advanced age. The claimant has a limited education and has past

---

[5] Notably, the ALJ stated that Claimant was forty-eight (48) years old, which qualifies as a younger individual under the Grids, based upon the Claimant's alleged disability onset date. R. 29. "For purposes of determining age under the [G]rids, the claimant's age as of the time of the decision governs." *Crook v. Barnhart*, 244 F.Supp.2d 1281, 1283 (N.D. Ala. Jan. 21, 2003) (quoting *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987)). Thus, although neither *Crook* nor *Varley* are binding, the undersigned is persuaded that the ALJ may have erred with respect to determining the point in time to ascertain the Claimant's age under the Grids. However, as detailed below, with respect to this issue it is the Appeals Council's decision not the ALJ's decision that controls the outcome.

> relevant work which is of a skilled or semiskilled nature. The claimant does not have transferable work skills from past relevant work to occupations consistent with his [RFC].
>
> For the period after January 11, 2010, and individual with the vocational factors described above and who has the [RFC] to perform the full range of sedentary exertional level is found to be disabled by application of Rule 201.10.
>
> However, prior to January 11, 2010, and individual who has the vocational factors described above and who has the residual functional capacity to perform the full range of sedentary exertional level is found to not be disabled by application of Rule 209.19.

R. 5-6. Thus, the Appeals Council held that because Claimant was eleven (11) days short of his fiftieth birthday on his DLI, Claimant is not entitled to DIB benefits. R. 5-6.

Claimant maintains that the Appeals Council erred by mechanically applying the age categories of the Grids, in violation of 20 C.F.R. 404.1563(b). Doc. No. 16 at 8-10. The Court agrees. 20 C.F.R. 404.1563(b) provides:

> How we apply the age categories. When we make a finding about your ability to do other work . . . we will use the age categories . . . in this section. We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. <u>We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.</u>

*Id*. (emphasis added). Thus, the regulations provide that if a claimant is "within a few days to a few months of reaching an older age category," the claimant is in a "borderline situation," and the Commissioner "will not apply the age categories mechanically," but "will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." *Id*. *See also Reese v. Heckler*, 734 F.2d 519, 525 (11th Cir. 1984) (Commissioner cannot apply the Grids mechanically concerning age).

In this case, even though Claimant was only eleven (11) days shy of being in an age category which would have required a finding of disability, the Appeals Council's order contains no discussion of Claimant's borderline age situation. R. 5-6. In *Chester v. Heckler*, 610 F.Supp. 533, 534-35 (S.D. Fla. 1985), the Appeals Council reviewed the ALJ's decision, finding the claimant disabled as of October 30, 1980 (the date claimant obtained fifty (50) years of age), which was one month after the claimant's DLI. *Id*. Under Rule 201.10, once the claimant became fifty (50), the Grids directed a finding of disability. *Id*. Therefore, the Appeals Council denied the claimant's DIB application and awarded benefits under SSI. *Id*. The Court stated:

> [T]he plaintiff was 49 years, 11 months, at the time his insured status ran out. The Appeals Council, without even discussing plaintiff's borderline age situation, determined that plaintiff was disabled the day he turned 50. Clearly, this can only be seen as a mechanical application of the age factor of the Grid which works a special hardship on the plaintiff whose insurance expired. For that reason, the decision of the Secretary, which contravenes her own regulations, must be reversed.

*Id*. at 535. Thus, the case was remanded for an individualized determination of the age factor and for proper consideration of the claimant's borderline status. *Id*.

The Court finds *Chester* highly persuasive, warranting the same result. Claimant was only eleven (11) days shy of being disabled through the mandatory application of the Grids, but the Appeals Council's order does not even acknowledge that borderline situation, much less discuss it. R. 5-6. Like the claimant in *Chester,* the Appeals Council's mechanical application of the age factor here works a special hardship on the Claimant whose insurance for DIB benefits expired eleven (11) days prior to his disability onset. Accordingly, this error warrants reversal for further proceedings.[6] On remand, the Appeals Council and/or the ALJ shall provide Claimant an

---

[6] The Court understands that in *Reeves*, 734 F.2d at 525-26, the Eleventh Circuit stated that an ALJ's mechanistic use of the age grids for a 37 year-old individual would be harmless unless the claimant proffered substantial credible evidence that his ability to adapt is less than the level established under the Grids for the claimant's age. However,

opportunity to be heard on this issue, and shall make an individualized determination of the age factor and expressly articulate their consideration of the Claimant's borderline situation.[7]

## II. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner with respect to Claimant's DIB claim is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of Section 405(g);[8]

2. Enter judgment in favor of the Claimant and against the Commissioner; and

3. Direct the Clerk to close the case.

**DONE AND ORDERED** in Orlando, Florida on September 23, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
Suite E
3200 Corrine Dr
Orlando, FL 32803

John F. Rudy, III
Suite 3200

---

in this case, it is unnecessary to require Claimant to make such a proffer in proceedings before this Court because the case must be remanded based on the ALJ's error with respect to Dr. Thompson. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record). Moreover, as in *Chester* the special hardship Claimant suffered is apparent based on Claimant's close proximity to the next age classification. 610 F.Supp. at 535.

[7] It is unnecessary to determine whether the Appeals Council also erred by denying Claimant an opportunity to be heard in proceedings before it because on remand the Appeals Council and/or the ALJ will provide Claimant an opportunity to be heard.

[8] Claimant has not appealed the final decision to award him SSI benefits.

400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Janet Mahon
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Lake Lynda
Suite 300
Orlando, FL 32817-9801